UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MELISSA A. CRISP,  Plaintiff,  v.  COMPATTIA ROCCIA MANAGEMENT GROUP, LLC, and NOVUS CAPITAL SOLUTIONS, LLC,  Defendants. | CIVIL COMPLAINT  CASE NO. 7:21-cv-00136  DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes MELISSA A. CRISP ("Plaintiff"), by and through the undersigned, complaining as to the conduct of COMPATTIA ROCCIA MANAGEMENT GROUP, LLC ("CRMG") and NOVUS CAPITAL SOLUTIONS, LLC ("Novus") (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

4. Joinder of Plaintiff's claims against Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of a the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18 years of age and is a "person," as defined by 47 U.S.C. §153(39), residing in Odessa, Texas, which lies within the Western District of Texas.

6. CRMG is a third party debt collector that "strives to provide first class technology solutions that empower consumers to manage their accounts online."[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 43 Court Street, Buffalo, New York.

7. Novus is, upon information and belief, a debt purchaser whose principal purpose is to purchase purportedly delinquent debt and subsequently collect, directly or indirectly, such debts. Novus is a limited liability company organized under the laws of the state of New York with its principal place of business located at 439 Chicora Road, Lewiston, New York.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://paydpmorgan.com/#about_us

9. The instant action arises out of the nature of Defendants' attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff and her husband Joshua.

10. The subject debt stems from Plaintiff's purported defaulted payments in connection with a Kay Jewelers account incurred by Plaintiff and her husband in approximately 2002.

11. Plaintiff and her husband paid off the subject debt in full many years ago.

12. Nevertheless, upon information and belief, the subject debt was purchased by Novus, who in turn engaged CRMG to attempt to collect upon the subject debt.

13. Beginning in approximately July 2021, CRMG began sending collection letters via email attempting to collect upon the subject debt.

14. However, rather than send these collection letters, containing sensitive information regarding a debt which Plaintiff did not even owe, to Plaintiff or Plaintiff's husband, CRMG instead sent the collection letters to Plaintiff's minor child's email address.

15. Plaintiff was incensed that sensitive, personal, and false financial information was being disclosed to her minor child.

16. As a result, Plaintiff contacted CRMG to complaint about the nature of their collection efforts.

17. Plaintiff informed CRMG that she does not owe the subject debt as it was paid off many years ago, and further explained that they were emailing her minor child the collection letters rather than her or her husband.

18. CRMG's representative said he would note that the account had been paid off and then hung up on Plaintiff.

19. Frustrated that CRMG failed to acknowledge the complaint regarding the emails to her minor child, Plaintiff contacted CRMG yet again.

20. Plaintiff spoke with a different representative and informed them that her minor child was receiving the emails intended for her and her husband.

21. CRMG's representative stated that they use a software which finds any and all email addresses from relatives of a particular debtor and proceed to contact those email addresses in order to collect debts from consumers.

22. Plaintiff was appalled by CRMG's business practices, further causing Plaintiff to be distressed about whomever else CRMG may have contacted regarding a debt which was not even owed by Plaintiff.

23. Furthermore, the collection letters sent to Plaintiff's minor child were rife with false, deceptive, and misleading representations.

24. Generally speaking, CRMG's collection letters asserted that the subject debt was due and owing by Plaintiff and her spouse, when in fact the subject debt had already been paid in full.

25. Throughout CRMG's letters, it used deceptive and misleading representations including but not limited to "[y]ou are legally liable for the amount shown."

26. Further, in the collection letter wherein CRMG provided the disclosures required by 15 U.S.C. § 1692g(a), CRMG failed to accurately identify the creditor to whom the subject debt was owed.

27. Such collection letter only mentions Kay Jewelers as its "client," without providing any information regarding Novus.

28. However, in subsequent collection letters, CRMG identifies Novus as its "client" and Kay Jewelers as the "original creditor" – creating confusion as to precisely on whose behalf CRMG was working.

29. Additionally, in subsequent collection letters, CRMG routinely failed to identify itself as a debt collector as required by 15 U.S.C. § 1692e(11).

30. CRMG further threatened Plaintiff and her husband with credit reporting of the subject debt as well as a lawsuit in the event payment was not made.

31. Upon information and belief, CRMG's collection activities towards Plaintiff and her husband were at the direction and control of Novus, who instructed CRMG to contact Plaintiff regarding the phantom subject debt and to engage in the collection campaign which included the above false, deceptive, misleading, and unfair collection conduct.

32. Frustrated, distressed, concerned, aggravated, and embarrassed as a result of Defendants' conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in the expenditure of time and incurrence of resources.

33. Plaintiff has suffered concrete harm as a result of Defendants' conduct, including but not limited to emotional distress, embarrassment, disclosure of sensitive, personal, and false financial information to third parties, invasion of privacy, being lied to and misled in a manner that presented a material risk of harm to Plaintiff's concrete interests under the FDCPA, and numerous violations of Plaintiff's state and federally protected interests to be free from harassing, deceptive, misleading, and unfair debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

36. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer

accounts originally owed to others. Defendants are further businesses whose principal purpose is the collection of debts.

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

38. Novus is both directly liable for its conduct as a debt collector, as well as vicariously liable for the violations of law engaged in by its agent, CRMG, given the existence of a principal-agent relationship between the parties.

### a.  Violations of FDCPA §§ 1692b(2)-(3) and § 1692c(b)

39. The FDCPA, pursuant to 15 U.S.C. § 1692b, governs what debt collectors must do when communicating with individuals other than the consumer of a particular account. Under 15 U.S.C. § 1692b(2), a debt collector must not "state that such consumer owes any debt." Under 15 U.S.C. § 1692b(3), a debt collector must not communicate with a third party "more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

40. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

41. Defendants either violated 15 U.S.C. §§ 1692b(2)-(3), or alternatively § 1692c(b), through the repeated collection letters which were sent to Plaintiff's minor child's email address. Such communications disclosed to Plaintiff's child the nature of the subject debt, and were done repeatedly. Defendants lacked consent to communicate with Plaintiff's minor child in that manner,

underscoring Defendants' violations of the FDCPA's prohibitions on contacting third parties. Defendants' conduct caused Plaintiff extreme embarrassment that her child was apprised of a purported debt, especially considering that the debt is not even owed. .

    **b. Violations of FDCPA § 1692d**

42. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

43. Defendants violated § 1692d through the sending of repeated emails to Plaintiff's minor child regarding the subject debt. Repeatedly communicating with a debtor's minor child while would inherently be conduct deemed harassing, oppressive, and abusive. Defendants' conduct was particularly egregious given that the subject debt was not owed and that false threats of litigation were received by Plaintiff's minor child. Any reasonable consumer would feel harassed and oppressed under these circumstances.

44. Defendants further violated § 1692d through the harassing threats of credit reporting and seeking litigation in connection with the subject debt. Such threats were not made in order to warn of action legitimately intended to be taken, but were instead designed to harass and oppress Plaintiff into paying a debt which she had already paid off and which could not possibly be subject to the negative consequences represented by Defendants.

    **c. Violations of the FDCPA § 1692e**

45. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);
>
> "[T]hreatening to communicate to any person credit information which is known or which should be known to be false . . . ." 15 U.S.C. § 1692e(8);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).
>
> "The failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

47. Defendants violated §§ 1692e, e(2)(A), and e(10) through their efforts, both direct and indirect, to collect a debt from Plaintiff which was not owed. Through Defendants' concerted conduct, Plaintiff, her husband, and minor child were all subjected to collection efforts for a debt that had been paid off years ago. Defendants therefore falsely, deceptively, and misleadingly represented the status of the subject debt being due and owing, when in fact it was not.

48. Defendants further violated §§ 1692e, e(2)(A), e(5), e(8), and e(10) through the false threats of litigation and credit reporting of the subject debt. Such threats were unlawful given that the subject debt was not due and owing. Additionally, even if the subject debt were legitimate, the age of the subject debt would preclude it from being reduced to judgment or being reported on Plaintiff's credit. Therefore, Defendants' threats were made absent the lawful ability to make such threats. Defendants further lacked the intent to follow through on such threats.

49. Defendants violated §§ 1692e, e(10), and e(11) through CRMG's failure to identify itself as a debt collector in subsequent collection letters sent attempting to collect upon the subject debt. Despite being statutorily required to provide such information, CRMG repeatedly failed to state

that it was a debt collector. CRMG engaged in this conduct in order to obfuscate the nature of its role in connection with the subject debt.

50. Defendants further violated §§ 1692e, e(2)(A), and e(10) through the confusing and conflicting representations about to whom the subject debt was owed. In the collection letter providing the § 1692g(a) disclosures, Kay Jewelers is identified as CRMG's client, yet in other letters Novus is identified as CRMG's client. Defendants once again engaged in this conduct in order to create confusion and uncertainty about to whom the subject debt was owed or on whose behalf the unreasonable collection efforts were being made.

    d.  **Violations of FDCPA § 1692f**

51. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

52. Defendants violated §1692f when they unfairly communicated with Plaintiff's minor child repeatedly regarding the subject debt.

53. Defendants further violated §§ 1692f and f(1) when the unfairly sought to collect the subject debt from Plaintiff despite it not being legitimately owed.

54. Defendants further violated § 1692f when it unfairly threatened Plaintiff and her husband with credit reporting and litigation in connection with the subject debt.

55. Additionally, Defendants violated § 1692f through the unfair manner in which they sought to create confusion about their respective roles as they relate to the subject debt and the collection efforts being made towards Plaintiff.

    e.  **Violations of FDCPA § 1692g(a)(2)**

56. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial communication with a consumer, provide a series of information and disclosures. Pursuant to § 1692g(a)(2), debt collectors much include within such disclosures an indication of "the name of the creditor to whom the debt is owed."

57. Defendants violated § 1692g(a)(2) through the failure to clearly identify the creditor to whom the subject debt was owed. In the collection letter wherein CRMG provides the 1692g(a) disclosures, Kay Jewelers is identified as CRMG's "client," with no other entity being named. However, in subsequent collection letters, Kay Jewelers is identified as the "original creditor" and Novus as CRMG's "client." As such, CRMG failed to sufficiently disclose the name of the creditor to whom the subject debt was owed as required by § 1692g(a)(2).

WHEREFORE, Plaintiff MELISSA A. CRISP, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendants from further contacting Plaintiff or her family members; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

58. Plaintiff restates and realleges paragraphs 1 through 57 as though fully set forth herein.

59. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

60. Defendants are "debt collector[s]" and "third-party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) & (7).

61. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.301(a)

62. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.301(a)(8), prohibits debt collectors from "threatening to take an action prohibited by law."

63. Defendants violated § 392.301(8) through their false threats of credit reporting and seeking litigation in connection with the subject debt. The debt's lack of legitimacy renders Defendants' threats unlawful. Further, even if the subject debt were legitimate, the age of the debt would preclude Defendants from either reporting it on Plaintiff's credit or otherwise seeking litigation in order to collect the subject debt.

### b. Violations of TDCA § 392.304(a)

64. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(4), prohibits debt collectors from "failing to disclosure clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money." Further, pursuant to § 392.304(a)(5)(B), third party debt collectors must state "that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor." Pursuant to § 392.304(a)(8), debt collectors are prohibited from "misrepresenting the character, extent, or amount of a consumer debt . . ." Additionally, § 392.304(a)(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

65. Defendants violated § 392.304(a)(4) through Defendants failure to clearly and correctly identify to whom the subject debt was owed in the collection letters sent attempting to collect upon the subject debt.

66. Defendants violated § 392.304(a)(5)(B) through the failure to disclose CRMG's status as a debt collector in subsequent written communications attempting to collect upon the subject debt.

67. Defendants further violated §§ 392.304(a)(8) and (19) through the false representations that the subject debt was due and owing, when in fact it was not.

68. Additionally, Defendants violated §§ 392.304(a)(8) and (19) through the demonstrably false representations regarding credit reporting and filing a lawsuit in connection with the subject debt.

WHEREFORE, Plaintiff, MELISSA A. CRISP, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 5, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com